THE HONORABLE JAMES P. DONAHUE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ACADEMY OF MOTION PICTURE ARTS AND SCIENCES, a California nonprofit corporation,<br><br>                             Plaintiff,<br><br>   v.<br><br>JAMES DUNNE, an individual; EDGARD G. FRANCISCO, an individual; and DOES 1 through 10,<br><br>                            Defendants. | Case No. 2:12-cv-02032-JPD<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to the Court's November 20, 2012 Order Regarding Initial Disclosure, Joint Status Report, and Early Settlement; Federal Rule of Civil Procedure 26(f); LCR 16 and 26(f), the parties, through undersigned counsel, hereby submit the following Joint Status Report and Discovery Plan as follows:

**1. Statement of the Nature and Complexity of the Case**

This case involves claims by Plaintiff Academy of Motion Picture Arts and Sciences (the "Academy") against defendants James Dunne ("Dunne") and Edgard G. Francisco ("Francisco") for injunctive relief and damages for copyright infringement, or, in the alternative, for conversion. The Academy also alleges violations of the Washington Consumer Protection Act.

JOINT STATUS REPORT AND DISCOVERY PLAN - 1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

127061.0001/5554173.1

1    Plaintiff alleges this action concerns the sale of an ©"Oscar"® statuette that was either a genuine statuette lost to theft or a very convincing counterfeit. In September 2012, Dunne offered for sale on eBay an ©"Oscar"® statuette described as containing markings, including a serial number, identical to a stolen ©"Oscar"® statuette owned by the Academy (the "Statuette"). That eBay listing was removed before any sale was completed. Upon information and belief, the Academy alleges that Dunne took the listing down fearing that the Academy might learn of it. Dunne then sold the Statuette to Francisco for $25,000.

    If the Statuette was a counterfeit, plaintiff alleges that defendants have infringed the Academy's copyright in the ©"Oscar"® statuette by selling and distributing a counterfeit statuette. If the Statuette was authentic, plaintiff alleges that defendants have committed conversion by asserting dominion over the Academy's property and interfering with the Academy's right to possession of its property.

    In addition, plaintiff alleges that Dunne committed an unfair and deceptive act in trade and commerce when he offered the Statuette for sale on Ebay describing it as "Rare Pre-1950 Academy of Motion Picture Arts and Sciences OSCAR Statue Award!" and later sold the Statuette in a private sale for $25,000. Plaintiff alleges that the Statuette either was not his lawful property and/or infringed on the Academy's copyright.

    Plaintiff alleges that defendants' misconduct was willful and has caused damage to the Academy. Plaintiff further alleges that the Academy is therefore entitled to injunctive relief to restrain defendants from further infringement of the ©"Oscar"® statuette and other acts of wrongdoing, as well as an award of actual damages for conversion or copyright infringement or, if an infringement occurred, at the Academy's election, statutory damages for willful infringement, together with its costs and attorneys' fees.

    Defendant James Dunne (hereafter "Dunne") states that he procured a statuette at issue from Peter Monday, by paying Mr. Monday the sum of $5,000.00. Mr. Monday represented to Dunne that he had procured the statuette at issue from a garage sale and believed it to be a genuine, early edition, Oscar statuette. Dunne then offered the statuette for sale through ebay,

JOINT STATUS REPORT AND DISCOVERY PLAN - 2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

127061.0001/5554173.1

an online, internet auction website. Shortly after posting statuette on ebay, Dunne received an inquiry from defendant Francisco, asking Dunne whether Dunne had set a "buy it now price" on ebay. Dunne responded that he had not set a "buy it now price" through ebay. Francisco indicated a willingness to purchase the statuette for $25,000.00. Thereafter, Dunne ended the ebay auction and sold the statuette to Francisco for $25,000.00.

Dunne was unaware throughout the entire time, that plaintiff took the position that any sale of an Oscar statute, other than by the manner and method prescribed by the plaintiff was a violation of copyright law. Dunne is not a signatory to any agreement restricting the sale of such a statuette, nor is Dunne in privity with any person who did agree to restrict or limit the manner and method in which an Oscar statuette could be transferred or sold.

Dunne's position is that the enumerated causes of actions contained in plaintiff's complaint are unfounded and unsupportable by the law and facts. Plaintiffs have alleged that the statuette at issue was awarded to Aaron Rochin in 1979, as recognition for his sound work on the movie the "Deer Hunter." This original statuette awarded to Mr. Rochin was then apparently returned to the manufacturer, Dodge Trophy, to fix blemishes. This statuette apparently then went missing. Mr. Rochin was then issued a replacement statuette. It is unknown whether the statuette at issue in this lawsuit is the original statuette that was awarded to Mr. Rochin and then returned to Dodge Trophy, or the subsequent statuette that was given to Mr. Rochin.

Under either of the aforementioned scenarios, Mr. Dunne is not bound by any restriction on transfer. Mr. Dunne purchased the statuette at issue from Mr. Monday. Mr. Dunne advertised the statuette for sale in a manner that he reasonably understood to be the truth. He then sold the statuette to Mr. Francisco.

Plaintiff's assertion of a claim of copyright infringement on the part of Dunne ignores the doctrine of first sale, long recognized and codified under the copyright laws. Dunne did not duplicate or "copy" and then sell or transfer a work that the law forbids be duplicated, rather he sold an original work, that had been transferred to him. Dunne made the sale of an original

JOINT STATUS REPORT AND DISCOVERY PLAN - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

127061.0001/5554173.1

work, without any notice or knowledge that any such sale might be subject to any sale restrictions imposed by the plaintiff on the award winner - recipient. Moreover, Mr. Dunne is not in privity with, nor bound by any agreement made by any prior owner or awardee concerning that individual's contractual restrictions on transfer of the statuette at issue, if any.

There is no evidence that Mr. Dunne took, converted or stole the statuette from the Academy; Mr. Rochin, or Dodge Trophy. Dunne categorically denies that he did so. Mr. Dunne merely procured the statuette from Mr. Monday, who told him he found it at a garage or estate sale, paid consideration for the same and resold the trophy in the stream of commerce.

Defendant Francisco denies plaintiffs allegations and that plaintiff is entitled to any damages and/or costs or attorney's fees against the defendant Francisco.

The parties agree that this case is a straightforward action for copyright infringement or, in the alternative, for conversion.

### 2. Statement Regarding ADR

The parties already are engaged in active early settlement negotiations. The parties do not believe that early resolution of the case would be fostered by alternative dispute resolution. If the parties are unable to resolve the matter through early settlement on their own, they will seek to mediate before trial.

### 3. Deadline for Joining Additional Parties

Additional parties, if any, should be joined within 60 days of this report.

### 4. Proposed Discovery Plan

**A.   The date on which the Rule 26(f) conference and Rule 26(a) initial disclosures took place.** The Rule 26(f) conference took place on December 12, 2012 via telephone. Tiffany Scott Connors and David Quinto participated on behalf of the Academy, Jeffrey Parker participated on behalf of Dunne, and Brian Born participated on behalf of Francisco. The Rule 26(a) initial disclosures will be served by December 26, 2012.

**B.   The subjects on which discovery may be needed and whether discovery should be conducted in phases or be limited to or focused on particular issues.** The parties

JOINT STATUS REPORT AND DISCOVERY PLAN - 4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

127061.0001/5554173.1

anticipate that discovery subjects will include, without limitation, the transactions through which defendant Dunne acquired the allegedly copyrighted ©"Oscar"® statuette, Dunne's eBay listing, Dunne's sale of the allegedly copyrighted ©"Oscar"® statuette to Francisco, negotiations and dealings between Dunne and Francisco, plaintiff's claim for injunctive relief, and damages.

In addition, Dunne and Francisco anticipate the need to depose Mr. Rochin; a 30(b)(6) representative of the Academy; a 30(b)(6) representative of Dodge Trophy; Mr. Peter Monday, and others whose identities may become know through discovery.

The parties do not propose any phasing or limiting of discovery to particular issues.

C.  **What changes should be made in the limitations in discovery imposed under the Federal and Local Civil Rules, and what other limitations should be imposed.** At this time, The parties do not propose any limitations on discovery other than those set forth in the Federal Rules of Civil Procedure, however, should the need arise to request additional discovery, beyond the limitations proposed by the Federal Rules, the parties will first work cooperatively to stipulate to any reasonable request, and if such requests cannot be agreed upon, the parties will submit the issue to the court for consideration.

D.  **A statement of how discovery will be managed so as to minimize expense.**

The parties agree to cooperate in good faith to minimize discovery expenses. Among other things, the parties agree that:

(1) Documents should be exchanged electronically and Bates labeled by the disclosing party.

(2) Documents will be produced on a rolling basis as soon as they have been located and numbered. If copies are produced, the originals will be made available for inspection upon request.

(3) Each side will copy all of its emails to the email group distribution list provided by the other side.

JOINT STATUS REPORT AND DISCOVERY PLAN - 5

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

127061.0001/5554173.1

(4) All deposition exhibits will be numbered sequentially, Ex. 1, Ex. 2, etc., regardless of the identity of the deponent or the side introducing the exhibit and the same numbers will be used in pretrial motions and at trial.

(5) The parties will work cooperatively to schedule depositions and identify their respective 30(b)(6) speaking agents and records custodians.

E. **Any other orders that should be entered by the Court under FRCP 26(c) or under Local Rule CR 16(b) and (c).** The parties believe that a stipulated protective order is necessary in this case to protect confidential and proprietary business information. The parties will negotiate the protective order in good faith and believe that they can submit a stipulated protective order to the Court within 90 days of the submission of this report.

5. **Date by Which Remainder of Discovery Can Be Completed.** Discovery in this case can be completed by July 19, 2013. The parties will negotiate a stipulation to extend this discovery period if necessary.

6. **Consent to Referral of Case to Full-Time Magistrate Judge James P. Donahue.** No. The parties seek to have the matter assigned to a Federal District Court Judge.

7. **Bifurcation of Trial Issues.** The parties agree that this case would not benefit from bifurcation of issues.

8. **Whether Pretrial Statements and Pretrial Order Should Be Dispensed With.** The parties agree that pretrial statements and a pretrial order be employed in this case.

9. **Suggestions for Shortening or Simplifying Case.** The parties agree to work cooperatively to avoid undue burden and expense.

10. **Trial Date.** The parties agree that this case can be ready for trial the week of November 11, 2013.

11. **Jury/Non-Jury trial.** The parties have requested that this matter be set for a jury trial.

12. **Number of Trial Days.** The parties agree that 4 to 6 days be set aside for trial.

13. **Identification of Trial Counsel.** Trial counsel for the parties is as follows:

JOINT STATUS REPORT AND DISCOVERY PLAN - 6

*Plaintiffs' Counsel:*

LANE POWELL PC

Tiffany Scott Connors, WSBA # 41740
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-233
T: 206-223-7000
F: 206-223-7107
connorst@lanepowell.com

QUINN EMANUEL URQUHART & SULLIVAN, LLP

David W. Quinto, will seek *pro hac vice* admission
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
T: 213-443-3291
F: 213-443-3100
davidquinto@quinnemanuel.com

*Defendants' Counsel*

PARKER LAW FIRM, PLLC

Jeffrey T. Parker, WSBA No. 22944
1524 Alaskan Way, Suite 109
Seattle, WA 98101
T. (206) 632-2815
F. (206) 632-7510
Jeff@parkerlegalgroup.com

Attorneys for Defendant James Dunne.

Turnbull & Born, PLLC

Brian M. Born, WSBA No. 25334
950 Pacific Ave., Ste 1050
Tacoma, WA 98402
(253) 383-7058
(253) 572-7220 (F)
bborn@turnbullborn.com

Attorney for Defendant Francisco

JOINT STATUS REPORT AND DISCOVERY PLAN - 7

14. **Service on Defendants.** All named defendants have been served.

15. **Scheduling Conference.** The parties do not request a scheduling conference.

DATED: January 2nd, 2013

                          LANE POWELL PC

By /s/ Tiffany Scott Connors
    Tiffany Scott Connors, WSBA No. 41740
    Attorneys for Plaintiff Academy of Motion Picture Arts and Sciences

Dated: January 2nd, 2013      PARKER LAW FIRM, PLLC

By:   /s/ Tiffany Connors As per email authorization
Jeffrey T. Parker, WSBA No. 22944
Attorneys for Defendant James Dunne.

                          Turnbull & Born, PLLC
Dated: January 2nd, 2013

By:   /s/ Tiffany Connors As per email authorization
Brian M. Born, WSBA No. 25334
Attorney for Defendant Francisco

JOINT STATUS REPORT AND DISCOVERY PLAN - 8

127061.0001/5554173.1

## CERTIFICATE OF SERVICE

I, Julie L. Dunham Kelly, hereby make the following Declaration from personal knowledge:

On January 2, 2013, I presented the attached document to the Clerk of the Court for filing and uploading to the CM/EFC system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following attorneys:

| | |
|---|---|
| Jeff Parker, WSBA#_____<br>1524 Alaskan Way, Suite 109<br>Seattle, WA 98101<br>206-632-2815<br>Fax – 206-623-7510<br>Email: jeff@parkerlegalgroup.com<br><br>Attorney for James Dunne | Brian Born, WSBA# 25334<br>TURNBULL & BORN, PLLC<br>950 Pacific Avenue, Suite 1050<br>Tacoma, WA 98402<br>Tele: (253) 383 7058<br>Fax: (253) 572-7220<br>Email: bborn@turnbullborn.com<br><br>Attorney for Edgard Francisco |

          s/Julie L. Dunham Kelly
          Julie L. Dunham Kelly

JOINT STATUS REPORT AND DISCOVERY PLAN - 9

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

127061.0001/5554173.1